November 2, 1990

CLERK OF COURT
SUPREME COURT. CNMI
FILED

90 NOV 2 P2:38

BY:

# IN THE SUPREME COURT OF THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

JOSE C. MAFNAS,                        )        APPEAL NO. 90-025
                                       )        CIVIL ACTION NO. 89-1110
    Plaintiff/Appellant,           )
                                       )
    vs.                            )            ORDER
                                       )
COMMONWEALTH OF THE NORTHERN            )
MARIANA ISLANDS and                    )
ROBERT A. HEFNER,                      )
                                       )
    Defendants/Appellees.          )
_____)

Counsel for Plaintiff/Appellant:    Theodore R. Mitchell
    P.O. Box 2020
    Saipan, MP  96950

Counsel for Defendants/Appellees:    James B. Parsons
    Office of the Attorney General
    Commonwealth of the Northern
        Mariana Islands
    Capitol Hill
    Saipan, MP  96950

BEFORE: DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Justices.

PER CURIAM:

    This matter came on for hearing on the appellees' motion to dismiss the appeal on the ground that the appellant's opening brief was untimely filed.  The appellees contend that the appellant has

failed to comply with Com.R.App.Pro. 25(a).[1]

Through a series of stipulations, the appellant obtained three extensions of time to file his opening brief. The last extension gave the appellant up to Friday, September 21, 1990, to accomplish this task.

The Clerk received the appellant's opening brief by mail on Tuesday, September 25. The envelope containing the brief was postmarked September 24.[2]

In support of their motion, the appellees contend that if the brief had been mailed on September 21 it would have been postmarked that day or, at the latest, September 22. Because it was postmarked September 24, they contend that it was untimely filed.

The appellant's counsel certifies that he mailed the brief by depositing it "in the U.S. mails (at the mail box at Hafa Adai Shopping Center, Garapan Village, Saipan, MP 96950), first class postage prepaid, at 11:35 p.m. on the 21st day of September, 1990, addressed to the Supreme Court, Saipan, MP 96950." He contends that Rule 25(a) permits the filing of briefs by mail and that briefs are deemed to be filed on the date of mailing if the most

---

[1]This rule provides:

> Papers required or permitted to be filed in this Court shall be filed with the Clerk. Filing may be accomplished by mail addressed to the Clerk, but filing shall not be timely unless the papers are received by the Clerk within the time fixed for filing, except that briefs shall be deemed filed on the day of mailing if the most expeditious form of delivery by mail, excepting special delivery, is utilized.

[2]The appellees also received their copy of the brief by mail on that date, bearing the same postmark.

expeditious form of delivery is utilized. Asserting that the appellees' motion is frivolous, he requests that we sanction them pursuant to Com.R.App.Pro. 38(b).

This motion raises two issues with respect to Rule 25(a). First, when is a brief considered mailed? Second, what should the court require as proof that the mailing of a brief was timely?

█ The answer to the first issue is provided by the express language of Rule 25(a): "briefs shall be deemed filed <u>on the day of mailing</u> if the most expeditious form of delivery by mail . . . is utilized." (Emphasis added.) The language plainly means[3] that the act of appropriately depositing a brief in a U.S. Post Office or in a U.S. Postal Service letter box up to and including the date that it is due constitutes the required "mailing," provided that the brief is within an enclosure bearing the proper address and sufficient postage for first class delivery--which we acknowledge to be "the most expeditious means of delivery."[4]

█ With respect to the second issue, we reluctantly decline to accept the appellees' suggestion that we interpret Rule 25(a) to require a postmark as proof of timeliness. Clearly, the rule does not explicitly impose such a requirement. We believe that if this requirement is to be imposed, it should be adopted by amendment to

---

[3]"When the language of a court rule is clear, we will not construe it contrary to its plain meaning." <u>Tudela v. MPLC</u>, No. 90-011, slip op. at 5 (N.M.I. June 7, 1990).

[4]<u>Cf.</u> <u>Black's Law Dictionary</u> 858 (5th ed. 1979) (definition of "mailed"): "[a] letter, package or other mailable matter is 'mailed' when it is properly addressed, stamped with the proper postage, and deposited in a proper place for receipt of mail."

the existing rule.

We share the appellees' concern that in the absence of a postmark requirement, Rule 25(a) is potentially subject to abuse by dishonest litigants. However, unless the rule is amended, we shall rely upon a certification that a mailing was timely--provided that there is no clear evidence to the contrary. Relying on the veracity of the appellant's certification, we hold that the mailing of his brief was timely. The motion to dismiss is accordingly DENIED. The appellant's request for sanctions is also DENIED.

Dated at Saipan, MP, this ___2nd.___ day of November, 1990.

_____
Jose S. Dela Cruz, Chief Justice

_____
Ramon G. Villagomez, Associate Justice

_____
Jesus C. Borja, Associate Justice